UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION

|  |  |
|---|---|
| STACEY HOOD, on behalf of herself and those similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>KPMG, LLP, a Delaware Limited Liability Partnership,<br><br>      Defendant. | Case No. |

## COLLECTIVE ACTION COMPLAINT
## & DEMAND FOR JURY TRIAL

Plaintiff, STACEY HOOD (hereinafter refered as "Plaintiff"), on behalf of herself and other non-exempt hourly paid Anti-Money Laundering workers (hereinafter "AML workers"), by and through undersigned counsel, file this Complaint against Defendant, KPMG, LLP (hereinafter "KPMG" or "Defendant") and state as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and others similarly situated current and former non-exempt hourly paid AML workers of Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) entitled to an award of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

2. Specifically, Plaintiff complains that she, as well as other similarly situated AML workers, were regularly required to work off-the-clock, as a result of Defendant's company-wide

corporate policies, applicable to all AML workers, limiting the hours these employees were allowed to put on their timesheets on a weekly basis.

3. Defendant knew that Plaintiff and other AML workers were working more hours than Defendant let Plaintiff and AML workers record on their timesheet, resulting in unpaid overtime compensation occurring for these employees.

4. Based on KPMG's uniform policies, Plaintiff, and those employees similarly situated to Plaintiff, were not paid the statutorily required overtime premiums for all hours worked.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. Venue is proper in this Court because Defendant is headquartered in this District and engages in substantial business operations within the District.

9. This Court has jurisdiction over Defendant because they are headquartered at Two Manhattan West, 375 Ninth Avenue, New York, NY 10001.

## PARTIES

10. At all times material hereto, Plaintiff, was a citizen of Texas.

11.     At all times material hereto, Plaintiff, was a non-exempt, hourly paid Anti-Money Laundering Investigator who performed such activities for Defendant.

12.     At all times material hereto Defendant, KPMG, is a Delaware Limited Liability Partnership.

13.     KPMG is a global accounting, tax, auditing and consulting firm that provides services throughout the United States.  BO provides high value workers to clients throughout the country.  *See*  https://kpmg.com/us/en.html

**COVERAGE**

14.     At all times material hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

15.     At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

16.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

17.     At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

18.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

19.     At all times material hereto, the annual gross revenues of Defendant was in excess of $500,000.00 per annum.

20.     At all times material hereto, Defendant had two (2) or more employees handling,

selling, or otherwise working on goods or materials such as computers, phones and other things, in the ordinary course of their work for Defendants.

21. At all time material hereto, Plaintiff was individually covered by the FLSA as a result of routine phone calls and e-mails which were transacted in interstate commerce.

## STATEMENT OF FACTS

22. As part of its consulting services, Defendant provides high value workers to business clients to fit their operational needs.

23. Here, Defendant employed Plaintiff and other AML workers on the Bank of America Anti-Money Laundering project through one of its parters, MBO Professional Services, Inc., to provide work for their clients.

24. Plaintiff and other AML workers' jobs were to provide anti—money laundering services pursuant to the Bank Secrecy Act and other federal laws which require banking institutions to investigate potential money laundering or terrorist financing transactions.

25. Defendant hired Plaintiff as an AML-analyst on or about April 2024 through May 2026.

26. KPMG likewise hired over five hundred (500) AML workers similar to Plaintiff to assist KPMG's clients (Bank of America) with AML needs.

27. KPMG currently requires these workers to be paid through MBO Professional Services, Inc., but retains and exercises significant control over Plaintiff and the other AML workers.

28. For example, all times relevant hereto KPMG hired and fired and continues to hire

and fire the AML workers on the Bank of America AML project.

29.    KPMG also supervises and controls the work of the AML workers, requiring specific training and for these workers to follow their processes and procedures.

30.    KPMG also determines the hourly rate which Plaintiff and other AML workers will be paid for their work.

31.    KPMG provides equipment to the AML workers to perform their job.

32.    KPMG maintains records on Plaintiff and the other AML workers.

33.    Plaintiff and each of the AML workers within the putative collective here were paid by the hour and classified as non-exempt under the FLSA.

34.    Plaintiff and the AML workers routinely worked over forty (40) hours in a work week, but were typically not paid for all hours worked.

35.    In fact, the AML workers standard schedule required a minimum of forty-five (45) hours.

36.    As described above, KPMG required Plaintiff and other AML workers to work off-the-clock to complete their job duties, and knowingly did not pay them for all hours worked, including unpaid overtime hours in violation of the FLSA.

37.    By virtue of their failure to credit and pay Plaintiff and all other AML workers for all hours worked each week, Defendant failed, and continues to fail, to pay Plaintiff, and those similarly situated to her, their regular hourly rates for all hours of work in overtime weeks as well. 29 C.F.R. § 778.315.

38.    KPMG was/is aware of the off-the-clock hours performed by Plaintiff and those

similarly situated, yet still does not pay them for all hours worked.

39.    In addition to Plaintiff, Defendant has employed and continues to employ hundreds of other individuals as AML workers who performed and continue to perform the same or similar job duties under the same pay provisions as Plaintiff and the members of the collective working on the Bank of America / KPMG / MBO AML project.

40.    Defendant has violated Title 29 U.S.C. § 207 because Plaintiff and the similarly situated AML workers, worked in excess of forty (40) hours per week for throughout their employment with MBO without full and complete overtime compensation being paid to them for each and every overtime hour worked by them.

## COLLECTIVE ACTION ALLEGATIONS

41.    Plaintiff and those similarly situated were/are all non-exempt AML workers.

42.    Plaintiff and the AML workers were all paid by the hour.

43.    Plaintiff and the AML workers were paid overtime compensation at a rate of one and one-half times their hourly rate for overtime hours that they were allowed to record on their timesheets per Defendant's directives.

44.    Plaintiff and those similarly situated all performed the same or similar job duties as one another and provided AML services to KPMG's clients on the Bank of America AML project.

45.    Plaintiff and those similarly situated were forced to work off-the-clock and were told not to record all hours worked by them.

46.    Instead, Plaintiff and those similarly situated were told specific amounts of hours that they were "allowed" to put on the timesheets, regardless of the actual hours worked that were

required to complete the work.

47.    The policies, practices or schemes complained of herein were applicable to Plaintiff and all members of the putative collective.

48.    Application of these policies, practices or schemes does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

49.    Rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all members of the collective as defined. Accordingly, the collective members are properly defined as:

> **All non-exempt, hourly paid workers for Defendant who provided anti-money laundering services under the Bank of America / KPMG project within the United States within the last three years.**

50.    KPMG knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay complete overtime compensation with respect to Plaintiff and the collective, because it knew or should have known that Plaintiff and those similarly situated were working overtime hours off-the-clock that it nonetheless failed to pay them for.

51.    During the relevant period, KPMG violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their overtime work at time and one-half of their hourly rate for each overtime hour worked.

52.    KPMG has acted recklessly and/or willfully in failing to pay Plaintiff and the members of the collective in accordance with the law.

- 7 -

53.    KPMG has failed to maintain accurate records of Plaintiff and the members of the collective work hours in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION (FLSA)

54.    Plaintiff re-alleges and re-avers paragraphs 1 through 51 of the Complaint as if fully set forth herein.

55.    From at least April 2024, and continuing to May 2026, Plaintiff routinely worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for each overtime hour worked.

56.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

57.    At all times material hereto, KPMG failed, and continues to fail, to maintain proper/accurate time records as mandated by the FLSA.

58.    To date, KPMG failed, and continues to fail, to pay their non-exempt AML workers all of their FLSA mandated overtime pay due, despite their recognition that their position is non-exempt and entitled to same.

59.    KPMG's actions in this regard was/is willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

60.    KPMG has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under

the FLSA.

61.     Due to the intentional, willful, and unlawful acts of KPMG, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and her counsel to represent the Collective Action members;

b.     An award of unpaid overtime compensation due under the FLSA;

c.     An award of liquidated damages pursuant to 29 U.S.C § 216(b), in an amount equal to the unpaid overtime wages due;

d.     An award of prejudgment and post-judgment interest;

e.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

jury on all questions of fact raised by the Complaint.

Dated:  July 14th 2026.

>                               */s/  Andrew R. Frisch*
>                               Andrew Frisch, Esquire
>                               New York Bar No.: 27777
>                               Morgan & Morgan, P.A.
>                               8151 Peters Road., Suite 4000
>                               Plantation, FL 33324
>                               Telephone: (954) WORKERS
>                               Facsimile:  (954) 327-3013
>                               Email: afrisch@forthepeople.com
>
>                               C. Ryan Morgan*
>                               **MORGAN AND MORGAN, P.A.**
>                               20 N. Orange Ave., Suite 1600
>                               Orlando, FL 32801
>                               (407) 418-2069
>                               rmorgan@forthepeople.com
>
>                               *Attorneys for Plaintiff*
>
>                               *To apply for admission *pro hac vice.*